John L. Wheeler and N. D. Wheeler v. Commissioner.
Wheeler v. Commissioner
Docket No. 57481.
United States Tax Court
T.C. Memo 1956-244; 1956 Tax Ct. Memo LEXIS 48; 15 T.C.M. (CCH) 1250; T.C.M. (RIA) 56244; November 8, 1956
*48 During 1950 and 1951, petitioner, John L. Wheeler, operated a drug store in Atlanta, Georgia. He maintained books which did not correctly reflect the true amount of his income and negligently failed to report his correct net business income. Without reasonable cause, he failed to file declarations of estimated tax for both 1950 and 1951. Held, with minor adjustments, the respondent's determination of petitioner's net business income for 1950 and 1951 by an analysis of bank deposits and expenditures is sustained and the additions to tax for negligence, for failure to file declarations of estimated tax, and for substantial underestimate of estimated tax are approved. Albert T. Ehlers, Esq., Grant Building, Atlanta, Ga., for the petitioners. Raymond Whiteaker, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves the following deficiencies in income tax and additions thereto: Additions to Tax
Income
Sec.
Sec. 294
Sec. 294
Year
Tax
293(b)
(d)(1)(A)
(d)(2)
1950
$1,747.92
$873.96
$200.24
$120.14
1951
1,850.81
925.41
143.81
86.28
By amended answer, the respondent withdrew *49 the allegation of fraud and asked that the additions as provided in section 293(a), for negligence, be substituted therefor. The issues to be decided are: (1) Whether the respondent erred in determining that petitioner, John L. Wheeler, received a greater amount of taxable income from his business than reported on his returns; and (2) whether additions to tax for negligence, for failure to file declarations of estimated tax, and for substantial underestimate of estimated tax were properly asserted. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. John L. Wheeler (hereinafter referred to as the petitioner), and his wife, N. D. Wheeler, were residents of Atlanta, Georgia, during the years in issue. They filed joint income tax returns for such years with the former collector of internal revenue for the district of Georgia. On March 7, 1950, petitioner purchased a drug store located at 729 Ponce de Leon Avenue, Atlanta, Georgia, and operated such drug store during the remainder of that year and throughout 1951. In the conduct of such business, he maintained a set of books in which he purportedly *50 recorded the receipts and disbursements of the business. On the return which he filed for 1950, he reported net business income of $2,998.07, and for 1951 he reported net business income of $107.80. Upon an investigation of petitioner's returns, the respondent determined that the books which petitioner maintained were inadequate, and did not reflect the true amount of his income from the drug store. By an analysis of petitioner's bank deposits and expenditures, respondent determined that his net busines income was $10,899.75 in 1950 and $7,440.60 in 1951. The petitioner maintained a checking account under the name of Wheeler Pharmacy and a personal checking account for himself. In reconstructing the amount of petitioner's net busines income, the respondent made allowances for $10,502.84 of savings deposited during the two years. Petitioner borrowed $551.43 from his brother in 1951, which sum was deposited in his business bank account. Petitioner purchased a home in 1949 and made a down payment of $2,100 thereon, which sum was a part of his savings. N. D. Wheeler was employed by the Georgia Power Company during the years in issue. She used her salary for personal living expenses *51 and respondent did not include the amount thereof in his computation of petitioner's income. N. D. Wheeler helped petitioner keep the drug store's books. Petitioner's net business income was not less than $10,899.75 in 1950 and not less than $6,889.17 in 1951. The deficiencies determined were due to petitioner's negligence, and he failed to show reasonable cause excusing his failure to file declarations of estimated tax during the two years in issue. Opinion RICE, Judge: The petitioner now concedes that the net business income realized from the operation of the drug store was $4,717.87 in 1950 and $6,063.46 in 1951. These amounts were arrived at from an audit which he had made of his books subsequent to the respondent's investigation. By his own admission, therefore, he substantially understated the true amount of his income during both the years in issue. Despite such concession, we are satisfied that the respondent's determination of the amount of petitioner's net business income is correct. From our examination of the books which were introduced in evidence, and the testimony of the various witnesses, we are convinced that such books did not accurately reflect the true *52 amount of petitioner's net business income and that the respondent was fully justified in resorting to an analysis of petitioner's bank deposits and expenditures to determine the correct amount of net income realized from the operation of the drug store. Petitioner attempted to explain the discrepancy in the amount of income determined by the respondent and that reflected by the books, by contending that he had a hoard of cash hidden in a trunk in the town of Fort Valley, Georgia. He testified that the sum hidden there was savings from previous employment over a long period of years. Petitioner's wife also testified that such a sum existed; that she had seen it and had also seen petitioner take money from the trunk during the years in question. Neither she nor petitioner, however, could remember the total amount hidden there or the amounts supposedly taken from the trunk during the years in issue. We do not believe the testimony with respect to that hoard of cash. Petitioner testified as to the nature of his previous employment. In his computation, the respondent made allowance for $10,502.84 of savings which petitioner deposited in his bank accounts during the years in issue. In *53 addition to that amount of savings, petitioner, in 1949, had made a down payment on a home in the amount of $2,100 which also, according to his testimony, was from his savings. On this record, we do not believe that during the years in issue petitioner possessed any additional savings which were deposited in his bank accounts. The petitioner testified that another source of funds deposited in his bank accounts was the result of so-called check-swapping with his brother. He testified that on occasions when he was short of money he would secure a check from his brother, deposit it in his account, and subsequently repay his brother when he had sufficient funds to do so. Petitioner introduced into evidence a check in the amount of $551.43, payable to his order, drawn by his brother on March 29, 1951, which was deposited in his business account. Some weeks later, petitioner drew a check payable to his brother in a like amount which check was duly cleared and paid through petitioner's bank. The respondent's agent testified that the check drawn by petitioner to his brother's order had not been called to his attention during the course of his investigation. Presumably, the brother's check *54 was included in the deposits used by the respondent in his computation of petitioner's income. That check clearly appears to be a loan and should not have been so included. We have therefore reduced by such amount, for 1951, petitioner's net business income as determined by respondent. We are satisfied from the record before us, and have so found as a fact, that the substantial understatements of income and the resulting deficiencies here in issue were due to petitioner's negligence. The petitioners failed to show reasonable cause excusing their failure to file declarations of estimated tax during either year and the respondent's addition to tax for such failure was proper. Where no declarations of estimated tax are filed, the estimate is deemed to be zero and the addition to the tax provided in section 294(d)(2) for substantial underestimate of estimated tax is mandatory, , modified ; , affirmed on other grounds, (C.A. 10, 1954). Decision will be entered under Rule 50.